IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30007
Conference Calendar
_____

KERRY WINDHAM,

                                        Plaintiff-Appellant,

versus

UNKNOWN MCKNIGHT; UNKNOWN DUNBAR; MS. SUSAN;
MR. MICHAEL, Dialysis Unit, EKL; TAMMY,
Dialysis Unit, EKL; CANDICE, Dialysis Unit,
MR. PATRICK, Dialysis Unit, EKL,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 97-CV-877
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kerry Windham, Texas inmate #92138, proceeding *pro se* and *in forma pauperis* (IFP), appeals the district court's grant of summary judgment in favor of the defendants and the dismissal of his civil rights complaint. Windham contends that the defendants acted with deliberate indifference to his medical needs. He asserts that the defendants gave him illegal chemicals that caused his condition to worsen. He contends that the defendants

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discontinued his hypertension medication and prescribed psychotropic drugs without providing the proper medical examinations. He contends that he has not been examined by a physician while he has been receiving dialysis treatments.

We review the grant of summary judgment *de novo*. *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992). Summary judgment is proper if the pleadings, discovery, and any affidavits filed in support of the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). If the moving party meets the initial burden, the nonmovant must set forth specific facts showing the existence of a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Windham's allegations indicate his disagreement with the medical treatment that he has received or, at most, negligent or unsuccessful treatment, which is not actionable under 42 U.S.C. § 1983. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)(unsuccessful medical treatment, negligence, or medical malpractice do not give rise to a § 1983 cause of action; disagreement with medical treatment is not actionable under § 1983 absent exceptional circumstances). Accordingly, the district court did not err in granting summary judgment in favor of the defendants.

By failing to brief them properly in this court, Windham has abandoned his claims involving a conflict of interest and that the district court denied his motion for an injunction, denied his motion for a default judgment, dismissed his state law claims, and allowed the defendants additional time to respond. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)(claims

not adequately argued in the body of the brief are deemed abandoned on appeal).

Windham's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

The dismissal of Windham's appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We caution Windham that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.